# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1264V

```
* * * * * * * * * * * * * *  *
JUDITH WILSON,                *
                             *
              Petitioner,    *        Special Master Shah
                             *
v.                           *        Filed:  February 3, 2025
                             *
SECRETARY OF HEALTH          *
AND HUM. SERVICES,           *
                             *
              Respondent.    *
                             *
* * * * * * * * * * * * * *  *
```

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner.
*Nina Ren,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 15, 2017, Judith Wilson ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  Pet. (ECF No. 1).  Petitioner alleged that she developed rheumatoid arthritis as a result of an influenza vaccination she received on October 13, 2015.  *See id.*  On December 7, 2023, after an entitlement hearing, former Special Master Katherine E. Oler issued a decision dismissing the petition.  ECF No. 67.

On June 25, 2024, Petitioner filed an application ("Fees App.") for final attorneys' fees and costs.  ECF No. 71.  Petitioner requests attorneys' fees and costs in the amount of $111,002.46,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  This means the Decision will be available to anyone with access to the internet.  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act").  All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

representing $86,302.80 in attorneys' fees and $24,699.66 in attorneys' costs. Fees App. at 2. Petitioner indicates that she personally has not incurred any costs related to the prosecution of her petition. *Id.* Respondent filed a response ("Fees Resp.") to the motion on June 27, 2024. ECF No. 73. Respondent stated that he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and requested "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2-3. Respondent raised an objection to Petitioner's counsel's costs associated with a visit to Petitioner in 2017. *Id.* at 4. Petitioner filed a reply ("Fees Reply") on July 3, 2024. ECF No. 74.

This matter is now ripe for consideration.

## I. Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I find that the claim possessed good faith and reasonable basis while it was pending before the Court. I note that Respondent's response did not otherwise indicate that this claim lacked good faith and reasonable basis. Accordingly, I conclude that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his attorneys: for Mr. Ronald Homer, $409.00 per hour for work performed in 2017, $421.00 per hour for work performed in 2018, $430.00 per hour for work performed in 2019, $447.00 per hour for work performed in 2020 and 2021, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, and $525.00 per hour for work performed in 2024; for Mr. Joseph Pepper, $305.00 per hour for work performed in 2018, $355.00 per hour for work performed in 2020 and 2021, $415.00 per

2

hour for work performed in 2022, and $455.00 per hour for work performed in 2023; for Ms. Meredith Daniels, $280.00 per hour for work performed in 2016, $286.00 per hour for work performed in 2017, $294.00 per hour for work performed in 2018, $320.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020 and 2021, $410.00 per hour for work performed in 2022, $455.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; and for Mr. Patrick Kelly, $205.00 per hour for work performed in 2019, $225.00 per hour for work performed in 2020 and 2021, $250.00 per hour for work performed in 2022, $305.00 per hour for work performed in 2023, and $345.00 per hour for work performed in 2024. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and I find them to be reasonable here. *See, e.g.*, *Vargas-Stellon v. Sec'y of Health & Hum. Servs.*, No. 22-863V, 2024 WL 4930698, at *1 (Fed. Cl. Spec. Mstr. Nov. 6, 2024); *K.L. v. Sec'y of Health & Hum. Servs.*, No. 17-1660, 2024 WL 4043684, at *2 (Fed. Cl. Spec. Mstr. Apr. 12, 2024).

## B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See*, *e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. The hours counsel spent traveling were appropriately claimed at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014).

Accordingly, Petitioner is awarded final attorneys' fees in the amount of $86,302.80.

## C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $24,699.66 in attorneys' costs. This amount consists of costs associated with acquiring medical records, travel expenses related to a client meeting, including meals, taxi, flight, car rental, hotel, and gas, the Court's filing fee, postage, the hearing transcript, legal research fees, photocopies, and flash drives. *See* Fees App. Tab B. The costs for medical records, postage, hearing transcript, Court's filing fee, legal research fees, photocopies, and flash drives are all properly documented, and I award them in full. I discuss other attorneys' costs below.

### 1. Expert Fees

Petitioner requests compensation for expert services provided by Dr. Kristin M. Gowin at an hourly rate of $425.00 for 48 hours, totaling $20,400.00. Fees App. Tab B at 36. This rate is consistent with what Dr. Gowin has been previously awarded and is reasonable herein. *See Komar v. Sec'y of Health & Hum. Servs.*, No. 18-1259V, 2024 WL 963714 (Fed. Cl. Spec. Mstr. Jan. 9, 2024). I see no reason to disturb this rate and award this cost in full.[3]

### 2. Travel expenses

Respondent objects to Mr. Homer's travel for a client visit from July 6, 2017, through July 8, 2017, totaling $1,979.39. Fees Resp. at 1, n.1. Respondent notes that, "before the petition was filed, petitioner's counsel traveled from Boston, MA, to petitioner's home in Madison, WI, for an approximately two-hour meeting." *Id*. While counsel's fees and travel costs were split with another case, "Respondent objects to petitioner's counsel's travel as unnecessary." *Id*.

In Petitioner's reply, she asserts that "[r]easonable travel fees and costs associated with travel for counsel to meet with petitioner have routinely been awarded in the Vaccine Program." Fees Reply at 2. Petitioner further explains that Petitioner's counsel met with Petitioner on July 7, 2017, which was before the coronavirus pandemic increased the use of videoconferencing for attorneys and clients to communicate. *Id*. at 4.

I have considered Respondent's objection, but I agree with Petitioner that costs associated with travel by counsel to meet with clients were routinely awarded in the Vaccine Program prior to the coronavirus pandemic. *See* Fees Reply at 4. I find that Mr. Homer's July 2017 client visit was reasonable in light of the standard practices at the time. I note that post-pandemic trips to meet with clients (outside of the context of testimony preparation) might not be reimbursed, as videoconferencing may be an adequate way for attorneys and clients to communicate. Here, I find such costs to be reasonable and shall fully reimburse them.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $86,302.80 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$86,302.80** |
| | |
| Attorneys' Costs Requested | **$24,699.66** |

---

[3] Regarding appropriate hourly rates for an attorney or expert, Respondent "urges the Court to consider the practitioner's experience in the Vaccine Program, overall legal or medical experience, the quality of the work performed and whether that work was necessary (including the length of any filing), and the practitioner's reputation in the legal or expert community and community at large." Fees Resp. at 3, n.3. Respondent did not raise any specific objections to Dr. Gowin's time spent on this case or her hourly rate.

| (Reduction to Costs) | - |
|---|---|
| **Total Attorneys' Costs Awarded** | **$24,699.66** |
| | |
| **Total Amount Awarded** | **$111,002.46** |

**Accordingly, I award a lump sum in the amount of $111,002.46, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/ Jennifer A. Shah**</u>
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).